IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § § § - vs - § § TUAN PHOUC LE, § § Defendant. § § | Criminal No. 05-0334 (ESH) |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REQUESTING IMMEDIATE RELEASE OF DEFENDANT TUAN LE

The United States of America ("United States" or "Government") responds hereby to the allegations in Defendant's Motion Requesting Immediate Release of Defendant Tuan Le ("Defendant's Motion"). As more fully set forth below, Defendant's Motion is without factual or legal merit and is, in any event, moot, and therefore should be, in all things, denied.

### Pertinent Procedural History

Defendant TUAN PHOUC LE has been indicted by a federal Grand Jury for assaulting the Vice Chairman of the Socialist Republic of Vietnam. Mr. Le's assault was captured witnessed by federal agents and others and was captured on a surveillance camera. Mr. Le was arrested as he attempted to flee from the scene of his assault. Mr. Le provided a confession to law enforcement authorities. For his defense, Mr. Le claims he is not responsible for the assault he committed because he is suffering from Post-traumatic Stress Disorder ("PTSD"). As a result, Mr. Le was ordered, in conformity with the pertinent statutory scheme, to report to the federal prison system for a psychiatric evaluation. In due course, Mr. Le was committed by the Bureau of Prisons to Federal Correctional Institution at Butner, North Carolina ("FCI-Butner"), for the such evaluation. While at FMC-Butner, the evaluators requested an extension of time to

complete the evaluation of Mr. Le. Mr. Le's counsel and the Court approved the requested extension of time. That extension authorized the continued evaluation of Mr. Le at FCI-Butner up to and including April 2, 2006.

Because the evaluation of Mr. Le was completed prior to April 2, 2006,[2] Mr. Le was released from FCI-Butner prior thereto.

### The Allegations of Defendant's Motion

In his Motion, defendant claims that, on February 1, 2006, three named officials at FCI-Butner "placed Mr. Le in a room, demanded that he sign a piece of paper written in English, slammed a fist on the table and screamed at him. The officials were trying to make Mr. Le state that he understands English and to sign such a document." [Motion, page 2] In support of these allegations, Defendant's Motion incorporates four Addenda, only two of which (Addendum "A-1" and Addendum "A-2") – both of which contain redactions by defendant's counsel – warrant examination.[1] Redacted Addendum "A-1" states, in pertinent part, that on February 1, 2006, following a "Team meeting" three named officials at FCI-Butner "called" Mr. Le into an office. The author claims to have seen – but does <u>not</u> claim to have heard – the ensuing interaction. The

---

[2] However, to the best of the undersigned's knowledge, the findings and conclusions arising from that evaluation have not yet been reduced to a report to/for the Court.

[1] The third Addendum (Addendum "B") is a self-serving letter dated March 6, 2006 from defendant's attorney to FCI-Butner, that contains references to Mr. Le's counsel's theory of his case and asks three times whether the FCI-Butner personnel "understand." Because counsel's March 6, 2006 letter contains no evidence as to the allegations of Defendant's Motion, it will be ignored. The fourth Addendum (Addendum "C") is merely counsel's letter to his client advising him to contact pre-trial services upon his release from FCI-Butner and of his scheduled court date in Washington, D.C. As such, the fourth Addendum requires no response or comment by the Government.

author claims one of the Officials "pushed [a] paper towards Tuan Le. I noticed Tuan Le shaking his head no." [Addendum "A-1"] The author claims that, during the interaction, one of the officials stood up and hit the table and that Mr. Le stood up and looked scared. [*See* id.]

The author of Redacted Addendum "A-2" does not claim to have witnessed the alleged February 1, 2006 incident. Rather, apparently the crux of Addendum "A-2" is to memorialize the (unknown) author's view that Mr. Le does not understand much English, and to provide to Mr. Le's attorney[2] the author's opinion that Mr. Le "may need a[n] interpreter for some of his legal work."

By the Motion's own admission, it is these two Addenda that constitute the alleged support for the allegations of Defendant's Motion. [*See* Motion, page 2 (as support, the Court is directed only to "the attached exhibits," and as previously indicated only these two Addenda claim any direct knowledge of the occurrences complained of).

Yet, nowhere does either (unknown) Addenda author claim that Mr. Le was threatened, assaulted, or battered by anyone at FCI-Butner. [*See generally* Addendum "A-1" and Addendum "A-2"]

Nevertheless, apparently, unrestrained by either gravity or any concern for evidentiary support, Defendant's Motion catapults to the fanciful conclusion that "the Butner Medical Center has used offensive, unconstitutional acts to try to build a case against Mr. Le, to apparently demonstrate he is malingering." [*See* Motion, page 2]

---

[2] Addendum "A-2" is in memorandum form and indicates it is being sent to: "ATTN: Kenneth Michael Robinson, FROM: Tuan Le."

### The Relief Sought in Defendant's Motion

Based upon these imaginary offenses, Defendant's Motion seeks the immediate release of Mr. Le **from** FCI-Butner. [*See* Motion, page 3]

As set forth below, the allegations of Defendant's Motion are without merit, and the relief sought in Defendant's Motion is moot.

### DEFENDANT'S MOTION IS WITHOUT MERIT AND IS MOOT, IN ANY EVENT

### The Relief Sought is Moot

As indicated above, the evaluation of Mr. Le by the officials at FCI-Butner was completed prior to April 2, 2006 and Mr. Le has already been released from the facility. Because Mr. Le has already been released by FCI-Butner, the relief sought by Defendant's Motion is moot.

Because the relief sought in Defendant's Motion is moot, Defendant's Motion should be denied.

### The Allegations of Defendant's Motion Are Without Merit

On February 1, 2006, the Unit Staff at FCI-Butner met with Mr. Le to discuss his Pre-trial Inmate Review Report [*see* Exhibit 1 attached hereto], a report that is completed for every pre-trial inmate. By February 1, 2006, the staff at FCI-Butner had significant cumulative historical contact with Mr. Le and therefore knew that Mr. Le could understand a significant amount of English and could communicate in English at a basic level. However, on February 1, 2006, for reasons best known to Mr. Le, Mr. Le chose to maintain with Staff that he could not understand English. When Mr. Le suddenly purported not to understand English – contrary to Staff's prior

dealings with him – the Staff was obliged to explore this "development."  In so doing, Staff naturally challenged Mr. Le's new-found contention.   However, at no time did anyone at FCI-Butner threaten, assault, or batter Mr. Le – nor do either of the anonymous authors of Defendant's Redacted Addendum "A-1" and/or Addendum "A-2" claim otherwise.

Rather, when Mr. Le persisted in his claim, Staff appropriately noted Mr. Le's lack of response to various questions [*see* Exhibit 1, ¶ 6] and his refusal to sign the Form. [*See* Exhibit 1, ¶ 10]

The inference inherit in Defendant's Motion is that the Staff at FCI-Butner is driven by some predisposition unfairly to find against Mr. Le's claim of PTSD and in favor of finding that Mr. Le was/is malingering.   [*See generally* Motion, pages 2-3]   Whether implicit or explicit, such a claim is false and is without both merit and support.

It should, and does, go without saying that the Staff at FCI-Butner are dedicated professionals who labor mightily to carry out the difficult and often thankless statutory duties assigned to them, to wit, to evaluate fairly and impartially the persons directed to them by the Courts and the Bureau of Prisons.  For counsel to claim otherwise, on a record such as this, is simply unbecoming.

Because there is no factual support for the allegations of Defendant's Motion, and because Mr. Le was treated fairly and appropriately by the Staff at FCI-Butner, the allegations of Defendant's Motion are without merit and Defendant's Motion should therefore be denied.

## CONCLUSION

WHEREFORE, for each of the independent reasons set forth above, the Government urges the Court to deny, in all things, Defendant's Motion.

                                        Respectfully submitted,

                                        KENNETH L. WEINSTEIN
                                        United States Attorney
                                        D.C. Bar No. 451058

By:    _____
                                        BRUCE R. HEGYI
                                        Assistant United States Attorney
                                        D.C. Bar No. 422741
                                        Federal Major Crimes Section
                                        555 4th Street, N.W., Room 4848
                                        Washington, D.C.  20530
                                        (202) 305-9637
                                        (202) 353-9414 (fax)
                                        www.bruce.hegyi@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REQUESTING IMMEDIATE RELEASE OF DEFENDANT TUAN LE and proposed ORDER were served this 5th day of April, 2006 by fax and by First Class Mail, postage pre-paid, on defendant's counsel of record:

      KENNETH M. ROBINSON, ESQUIRE
      717 D STREET, N.W.
      FOURTH FLOOR
      WASHINGTON, D.C. 20004
      (202) 347-0081 (fax)

_____
Bruce R. Hegyi