IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> - vs - <br><br> TUAN PHOUC LE, <br><br>    Defendant. | § § § § § § § § § § § Criminal No. 05-0334 (ESH) |

## GOVERNMENT'S NOTICE PURSUANT TO
## FEDERAL RULE OF EVIDENCE 404(b)

The United States of America ("United States" or "Government") provides notice hereby, pursuant to Federal Rule of Evidence 404(b), of its intent to introduce at trial evidence of other crimes, wrongs, and acts of defendant Tuan Phouc Le ("Mr. Le" or "defendant").

### Nature of the Case

In this case, Mr. Le has been indicted by a federal grand jury in the District of Columbia, pursuant to 18 U.S.C. § 112(b), for having assaulted the Vice Chairman of the People's Republic of Vietnam, who was in Washington, D.C., on an official visit.  In addition to having been witnessed by numerous eyewitnesses, the assault by Mr. Le was captured and recorded on a security videotape, and Mr. Le was arrested by law enforcement personnel as he attempted to flee on foot from the scene.  Thereafter, with the assistance of a Vietnamese interpreter, Mr. Le waived his *Miranda* rights and provided a statement to law enforcement personnel, *inter alia*, confessing to his assault on the Vice Chairman.

### Mr. Le's Claim of Insanity

Subsequent to his indictment, Mr. Le filed a notice pursuant to Federal Rule of Criminal Procedure 12.2 (Notice of Insanity Defense).  On December 21, 2005, Mr. Le provided in

support of his claim of insanity the report (dated December 5, 2005) and certain papers of Cecil B. Harris, Ph.D. In his Report, among other things, Dr. Harris asserts that Mr. Le has "untreated PTSD mental disorder with avoidant personality traits" [Report, page 9], and that:

> Mr. Le states that when the communist security force berated him at the Willard Hotel on June 21, 2005 he flashed back and lost control and was not aware of what happened. This was a dissociative state where cognitive functions are split from consciousness and voluntary control. Under such circumstances Mr. Le as of a result of his chronic, severe PTSD had no conscious awareness of what happened immediately after being triggered by the communist security force.

[Report, page 10]

Hence, Mr. Le seeks to excuse his violent assault on the Vice Chairman on the grounds of an alleged pre-existing Post-traumatic Stress Disorder ("PTSD") that he claims was triggered by the communist security force berating him at the Willard Hotel and which deprived him of the capacity to distinguish between right and wrong. In order to resolve this issue, it is critical that the experts who testify at trial, and the jury, have before them all of the information relevant to the credibility of Mr. Le's self-serving claim. Plainly, any search for the truth on this issue must necessarily include an examination of Mr. Le's prior history – or lack thereof – of violent and/or assaultive behavior and, if prior assaultive behavior exists, the circumstances surrounding *that* behavior. To this end, the Government intends to introduce at trial, through expert witnesses[1] or

---

[1] **Federal Rule of Evidence 702** provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

(continued....)

otherwise, other instances of Mr. Le's violent and assaultive conduct substantially as set forth in the attached reports of other arrest of Mr. Le:

1. **Garden Grove (California) PD Report of Arrest (#98-9295)** (Le arrested on June 5, 1998 for Domestic Violence and Assault With a Deadly Weapon) [Exhibit 1];[2]

2. **Garden Grove (California) PD Report of Arrest (#99-4761)** (Le arrested on March 15, 1999 for Assault & Battery) [Exhibit 2];

3. **Garden Grove (California) PD Report of Arrest (#99-6071)** (Le arrested on April 4, 1999 for Violation of a Court Order) [Exhibit 3];

4. **Boston PD Incident Report (#030271273)** (Le arrested on May 25, 2003 for Assault on a Police Officer) [Exhibit 4];

5. **Boston PD Incident Report (#040221118)** (Le arrested on May 2, 2004 for Destruction of Private Property (smashed windshield of girlfriend's van after argument) [Exhibit 5]; and

6. **Boston PD Incident Report (#040272803)** (Le arrested on May 28, 2004 for Domestic Violence and Burglary (residential)) [Exhibit 6].

---

**Federal Rule of Evidence 703** provides:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. ***If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.*** Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference *unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect*.

(Emphasis provided.)

[2] This arrest resulted in Mr. Le's conviction, on June 9, 1998, for domestic violence. *See* copies of Complaint and guilty plea, attached. as Exhibit 1-A.

## FEDERAL RULE OF EVIDENCE 404(b)

Federal Evidence Rule 404(b) (Other Crimes, Wrongs, or Acts) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be *admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,* provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Id (emphasis provided).

The intent of Rule 404(b) is to prevent the admission of evidence of other crimes for the purpose of demonstrating the bad character of the defendant by prejudicially revealing prior bad acts that have no evidentiary consequence to the criminal charges at issue. *See, e.g.,* Gray v. United States, 292 F.Supp.2d 71, 77 (D.D.C. 2003). "Although stated as a restriction, the Rule is actually one of 'inclusion rather than exclusion.' " United States v. Cassell, 292 F.3d 788, 791 (D.C.Cir. 2002) (*quoting* United States v. Bowie, 232 F.3d 923, 929 (D.C.Cir. 2000)). As such, Rule 404(b) only prohibits evidence that is "extrinsic" or "extraneous" to the charged crime. United States v. Badru, 97 F.3d 1471, 1474 (D.C.Cir.1996). However, evidence is not considered extrinsic or extraneous "if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime ...." *Badru*, 97 F.3d at 1474 (*citing* United States v. Weeks, 716 F.2d 830, 832 (11th Cir.1983)). As long as evidence of the uncharged criminal conduct is offered as direct evidence of a fact in issue, and not as circumstantial evidence of the character of the accused, it is admissible independent of its

superficial similarity to that which would be considered evidence of "other crimes" under Rule 404(b).  *Badru*, 97 F.3d at 1475 (*citing* 22 Wright & Graham, Federal Practice and Procedure § 5239 at 450 (1978)).  Moreover, the decision of whether to admit evidence, including evidence of "other crimes," is within the sound discretion of the trial court, and will not be disturbed absent a showing of abuse of discretion.  *Cassell*, 292 F.3d at 792.

In United States v. Bradshaw, 935 F.2d 295 (D.C. Cir. 1991), the defendant, who had a long history of both bank robberies and mental illness, *id* at 297, was charged with one count of bank robbery and one count of attempted bank robbery.  At trial, Bradshaw admitted committing the acts charged and relied solely on an insanity defense.  *Id.*  The defendant sought to establish through expert testimony Bradshaw's insanity based in part on Bradshaw's past psychiatric commitments but sought, simultaneously, to prevent the government from cross-examining the expert concerning the reasons for the commitments (*i.e.*, prior robberies).  The trial court declined to limit the government's cross-examination of the psychiatric expert, and the defendant was convicted of both counts in the indictment.  *Id.*  On appeal, among other things, Bradshaw urged the trial court erred in permitted the introduction of his prior bad acts under Rule 404(b).  In rejecting Bradshaw's claim of error, the Court of Appeals for the District of Columbia Circuit observed:

> At trial, defense counsel wished to put on expert testimony concerning Bradshaw's history of mental health commitments but sought to preclude cross-examination on the convictions which accompanied those commitments.  The prosecution objected, arguing that it was entitled to question a defense expert testifying as to Bradshaw's appreciation of the wrongfulness of his actions on all matters bearing on that issue.  The district court agreed with the prosecution that a psychiatrist so testifying "has to know the full story .... And that story not only includes the commitments, but the reasons why he was committed."  Defense

>counsel then complained that allowing introduction of prior convictions would prejudice Bradshaw's insanity defense, to which the court responded: "I will be perfectly frank with you. I think that is an action that cuts both ways. I am going to permit it."
>
>\*          \*          \*          \*
>
>[T]he insanity defense directly puts state of mind at issue, and a prior criminal record for similar acts is highly relevant to the basis for and reliability of witnesses' testimony about the defendant's appreciation of the unacceptability of his conduct. *See., e.g., United States v. Ruster*, 712 F.2d 409, 412 (9th Cir. 1983); *United Sates v. Hall*, 583 F.2d 1288, 1291-92 n.1 (5th Cir. 1978); *Rogers v. United States*, 483 A.2d 277, 289 (D.C. 1984), *cert. denied*, 469 U.S. 1227 (1985). There is, moreover, no risk of the primary prejudicial effect of prior convictions, that the jury will "prejudge [a defendant's] guilt on the basis of his past criminal record, because [the defendant does] not deny commission of the act." *Rogers*, 483 A.2d at 288.

935 F.2d at 301-02.

Similarly, in this case, Mr. Le's prior violent and assaultive conduct is critical to an evaluation of Mr. Le's defense of insanity. Here, Mr. Le's history of violence and assaultive conduct, are relevant to show Le's state of mind, motive, absence of accident and/or mistake, and to provide context to and for Mr. Le's actions at the time of the assault. Were Mr. Le's actions really driven by an episode of PTSD triggered by the taunting actions of the communist security force, or is Mr. Le's insanity claim rather a legal machination to avoid responsibility for his actions? Plainly, just as in *Bradshaw*, these additional examples of violent and assaultive conduct by Mr. Le outweigh any prejudicial effect to him on this issue, that Mr. Le put in issue in this case and on which Mr. Le bears the burden of proof.

## CONCLUSION

WHEREFORE, the Government provides Notice hereby of Rule 404(b) information it intends to introduce at the trial of this case.

        Respectfully submitted,

        KENNETH L. WEINSTEIN
        United States Attorney
        D.C. Bar No. 451058

By: _____
        BRUCE R. HEGYI
        Assistant United States Attorney
        D.C. Bar No. 422741
        Federal Major Crimes Section
        555 4th Street, N.W., Room 4848
        Washington, D.C. 20530
        (202) 305-9637
        (202) 353-9414 (fax)
        www.bruce.hegyi@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a true and correct copy of the foregoing GOVERNMENT'S NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b) and attached Exhibits were served this 15th day of Junel, 2006 by fax and by First Class Mail, postage pre-paid, on defendant's counsel of record:

    KENNETH M. ROBINSON, ESQUIRE
    717 D STREET, N.W.
    FOURTH FLOOR
    WASHINGTON, D.C.  20004


            _____
            Bruce R. Hegyi