

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Bruce R. Hegyi*
*Assistant United States Attorney*

*Criminal Division*
*Federal Major Crimes Section*

*555 Fourth St. N.W.*
*Room 4848*
*Washington, D.C. 20530*
*(202) 305-9637*
*(202) 353-9414 (fax)*

July 12, 2006

**FILED**

**JUL 2 0 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BY FAX and FIRST CLASS MAIL**
KENNETH ROBINSON, ESQ.
717 D STREET, N.W.
4TH FLOOR
WASHINGTON, D.C. 20004

    Re:    ***United States v. Tuan Phouc Le***
             Criminal No. 05-0334 (ESH),
             United States District Court for the District of Columbia

Dear Mr. Robinson:

       This letter sets forth the plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (the "Rule 11(c)(1)(C) Agreement") this Office is willing to enter into with your client, **Tuan Phouc Le** ("Mr. Le" or "defendant"). **This offer expires at 6:00 pm on July 19, 2006.** If Mr. Le accepts the terms and conditions of this offer, please have him execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the Agreement. The terms of the Rule 11(c)(1)(C) Agreement are as follows:

       1. **Charges.** Your client agrees to admit his guilt and plead guilty to the sole Count of the Indictment in this case: Assault on a Foreign Official, in violation of 18 U.S.C. § 112(a). Your client agrees to, and hereby does, admit his guilt as to the charge in the Indictment and he admits the truthfulness of the facts set forth in the attached Factual Proffer as the basis for his admission of guilt.

       2. **Potential penalties and assessments.** Your client understands that pursuant to 18 U.S.C. § 112(a), Le can be sentenced for Assault of a Foreign Official (resulting in injury) to up to ten (10) years in prison, and a monetary fine of up to $250,000 (*see* 18 U.S.C. § 3571(b)(3)), or both. In addition, he can be sentenced to a maximum period of supervised release of not more than three years. *See* 18 U.S.C. § 3583(b)(2). In addition, Mr. Le agrees to pay a special assessment of $100 to the Clerk of the United States District Court. *See also* 18 U.S.C. § 3013.

Your client further understands that the actual sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. § 3553(a) and after consulting with and taking into account the United States Sentencing Guidelines, ***but as limited by the parties agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)***.

<u>Federal Rule of Criminal Procedure 11(c)(1)(C)</u>

Your client understands that Federal Rule of Criminal Procedure 11(c)(1)(C) allows the Government and your client to agree to a specific sentence (as has been done in this Rule 11(c)(1)(C) Agreement). However, such an agreement between your client and the Government is not necessarily final. Your client understands that after the Rule 11(c)(1)(C) Agreement has been executed by your client and the Government, the Court may either accept or reject the Rule 11(c)(1)(C) Agreement. In the event the Court accepts the Agreement, the Court will be bound to sentence your client as set forth in this Rule 11(c)(1)(C) Agreement. *See* Rule 11(c)(1)(C) and Rule 11(c)(4). If the Court rejects the Rule 11(c)(1)(C) Agreement, your client will be permitted to withdraw from the Agreement and will no longer be bound by the terms of the Rule 11(c)(1)(C) Agreement. *See* Rule 11(c)(1)(C) and Rule 11(c)(5).

3. **<u>Waiver of constitutional and statutory rights.</u>** Mr. Le understands that by pleading guilty in this case, he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including, but not necessarily limited to: the right to plead not guilty and the right to a jury trial. At a jury trial, Mr. Le would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear to testify and present other evidence on his behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, he would have the right to have the jury instructed that his failure to testify could not be held against him. Mr. Le would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client were found guilty after a trial, he would have the right to appeal the conviction.

Mr. Le understands that the Fifth Amendment of the Constitution of the United States protects him from being compelled to incriminate himself and/or make self-incriminating statements in a criminal prosecution. By entering this Agreement and by agreeing to plead guilty, your client knowingly and voluntarily waives and gives up this right against self-incrimination.

4. **<u>Sentencing.</u>** The parties to this Rule 11(c)(1)(C) Agreement agree that the following sentence will be imposed in this case:

     A.    **<u>Imprisonment.</u>** Mr. Le will be sentenced to 18 months in prison. However, nine (9) months of the prison sentence will be suspended, during the period of Mr. Le's good behavior. In addition, of the remaining nine (9) months imprisonment, Mr. Le will be given credit for seventy-three (73) days as "time served." (Having filed a Rule 12.2 Notice in this case, Mr. Le was an in-patient at

the Federal Medical Institution at Butner, North Carolina, from January 18, 2006 through March 31, 2006.)

  **B.** **Supervised Release**. Following his release from prison, Mr. Le will be on "Supervised Release" for a term of three (3) years. In addition to general provisions (and/or any other special provisions) that the Court and/or the Probation Office may impose, Mr. Le will have the following special provisions: (i) Mr. Le will participate in, and fully cooperate in, psychological counseling; (ii) Mr. Le will participate in, and successfully complete, "anger management" counseling; (iii) Mr. Le will stay at least 100 feet away from any and all buildings and/or structures and/or vehicles that are owned, leased, rented, and/or being used by and/or on behalf of, the Government of the Socialist Republic of Vietnam and/or any member and/or component thereof; and (iv) Mr. Le will stay at least 100 feet away from any and all Vietnamese Government officials, employees, and/or personnel.

  **C.** **Reimburse Medical Expense.** Mr. Le will pay, through his attorney, to the victim, Nguyen Quoc Huy, Vice Chairman of the Prime Minister's Office for the Socialist Republic of Vietnam, the sum of Five Hundred Fifty and no/100 Dollars ($550.00), representing the initial medical expense incurred by the victim on the day of the assault herein.

  **D.** **Monetary Fine.** The parties agree that a monetary fine would not be appropriate. (However, a special assessment of $100, pursuant to 18 U.S.C. § 3013, is appropriate.)

Finally, Mr, Le is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. *Provided that* the sentence of imprisonment and the term of supervised release imposed by the Court in this case is in accordance with this Agreement, and is not otherwise an illegal sentence, your client hereby waives his right to appeal his sentence.

 5. **Government Concessions**. In exchange for Mr. Le's guilty plea as set forth herein, the Government will not seek relief in this case above or beyond that set forth herein.

 6. **Immigration Status**. Mr. Le was born in Vietnam and is not a citizen of the United States. Because of an earlier and unrelated criminal conviction, Mr. Le is currently in deportation proceedings that were initiated against him by the Bureau of Immigration and Customs Enforcement. Your client acknowledges that his felony guilty plea in this case could have an adverse effect on this immigration status. The Government makes no representation as to what effect, if any, Mr. Le's felony conviction in this case will have in the pending deportation case and/or on his immigration status.

7. **Reservation of allocution.**  Mr. Le understands that the United States reserves its right of allocution for purposes of sentencing in this matter, consistent with this Rule 11(c)(1)(C) Agreement.  The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty.  The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

Mr. Le also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, to the extent the United States has agreed in this Rule 11(c)(1)(C) Agreement to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

8. **Prosecution by other agencies/jurisdictions.**  This Agreement only binds the United States Attorney's Office for the District of Columbia.  It does not bind any other United States Attorneys' Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; The Department of Homeland Security, the Bureau of Immigration and Customs Enforcement, or any federal, state or local prosecutor.  These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

9. **Breach of agreement.**  Mr. Le acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.  As a result of this waiver, Mr. Le understands and agrees that any statements which are made in the course of his guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if he breaches this Rule 11(c)(1)(C) Agreement or his guilty plea is subsequently withdrawn, *unless the Rule 11(c)(1)(C) Agreement is rejected by the Court*.  Moreover, in the event Mr. Le's guilty plea is withdrawn for any reason *other than the Court's rejection of the Rule 11(c)(1)(C) Agreement*, he agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Mr. Le understands and agrees that the United States shall only be required to prove a breach of this Rule 11(c)(1)(C) Agreement by a preponderance of the evidence.  Your client further understands and agrees that the United States need only prove a violation of federal, state,

or local criminal law by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit Mr. Le to commit perjury, to make any false statements or declarations, to obstruct justice, or to protect him from prosecution for any crimes not included within this Rule 11(c)(1)(C) Agreement or committed by him after the execution of this Agreement. Mr. Le understands and agrees that the United States reserves the right to prosecute him for any such offenses. Mr. Le further understands that any perjury, false statements or declarations, or obstruction of justice relating to his duties and/or obligations under this Rule 11(c)(1)(C) Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, Mr. Le will not be allowed to withdraw this guilty plea.

10. **No other agreements.** Mr. Le represents, warrants, and agrees that no or further prior and/or contemporary agreements, promises, understandings, and/or representations have been made by the parties other than those contained in this written Agreement. Mr. Le further represents, warrants, and agrees that no future agreements, promises, understandings, and/or representations by and/or between the parties will be valid unless they (a) are committed to writing and signed by (i) your client, (ii) your client's counsel, and (iii) an Assistant United States Attorney for the District of Columbia, or (b) are made by the parties on the record before the Court.

11. **Interpreter's services.** Mr. Le acknowledges that he has been afforded the services of various interpreters in these proceedings, during his psychological/psychiatric evaluations, with regard to the plea negotiations with the Government, and in relation to seeking and receiving advice of his attorney. Your client further acknowledges that he has been afforded, and he has taken full and complete advantage of, such interpreter's services and he is fully satisfied with the services of the various interpreters.

If Mr. Le agrees to the conditions set forth in this letter, both he and you should sign the original in the spaces provided below, initial every page of this Rule 11(c)(1)(C) Agreement, and return the executed Agreement to me. The original of this Rule 11(c)(1)(C) Agreement will be filed with the Court.

Sincerely,

_____
KENNETH L. WAINSTEIN (D.C. Bar # 451058)
United States Attorney

					_____
					BRUCE R. HEGYI (D.C. Bar #422741)
					Assistant United States Attorney

					United States Attorney's Office
					555 Fourth Street, N.W., Fourth Floor
					Washington, D.C. 20530
					(202) 305-9637
					(202) 353-9414 (fax)
					www.bruce.hegyi@usdoj.gov

Attachment (Factual Proffer)

## DEFENDANT'S ACCEPTANCE OF GUILTY PLEA AGREEMENT

I have read each of the pages constituting this plea agreement ("Agreement") and I have reviewed them with my attorney, Kenneth Robinson, Esq. I fully understand this Agreement and agree to it. I do this voluntarily and of my own free will. No threats have been made against me to make me enter into this Agreement. I am not under the influence of any medication, drug, alcohol, or anything else that could prevent or impede me from understanding fully this Agreement.

Absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am fully satisfied with the legal services provided by my attorney in connection with this Agreement and all matters relating to it. I am entering this Agreement because I am guilty of the crimes to which I am pleading guilty.

_____7/20/06_____                          _____
Date                                                                TUAN PHOUC LE
                                                                         Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read each of the pages constituting this plea agreement ("Agreement"), reviewed it with my client, and discussed fully the provisions of the agreement with her. These pages accurately and completely set for the entire Agreement. To my knowledge, my client's decision to plead guilty has been made knowingly and voluntarily.

_____7/20/06_____                          _____
Dates                                                               KENNETH ROBINSON, Esquire
                                                                         Counsel for Defendant